UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| HARRY MADDOX, III, | Civil No. 11-3487 (ADM/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| BONNIE CASE, MISSY DELLWO, BARBRA WINTERFELDT, SCOTT RETTKE, CHARLIE MITCHELL, DOUGLAS E. SCHNURR, ED KEOGH, COLLEEN SZABO, and TOM BUSCH, | |
| Defendants. | |

Plaintiff, a state prison inmate, commenced this action by filing a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) He did not pay any filing fee when he filed this action, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.)

When the matter came before this Court for initial review, the Court noted that Plaintiff is barred from proceeding IFP under the "three strikes rule" set forth at 28 U.S.C. § 1915(g).[1] Therefore, by order dated December 2, 2011, (Docket No. 6), the Court denied Plaintiff's IFP application, and directed him to pay the full $350 filing fee prescribed by 28

---

[1] Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

U.S.C. § 1914(a). That order expressly advised Plaintiff that if he did not pay the full filing fee by December 30, 2011, the Court would recommend that this action be summarily dismissed. Plaintiff filed an objection to that order, but the District Court Judge overruled the objection, and upheld the order. (See Order of District Court Judge Ann D. Montgomery, dated December 16, 2011; [Docket No. 8].)

The deadline for paying the filing fee has now passed, and, to date, Plaintiff has not tendered any fee payment. Therefore, in accordance with the Court's prior order in this matter, it is now recommended that this action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated: January 9, 2012

       s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before January 23, 2012.