UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harry Maddox, III,

        Plaintiff,

   v.                                **ORDER**
                                      Civil No. 11-3487 ADM/AJB

Bonnie Case, Missy Dellwo,
Barbra Winterfeldt, Scott
Rettke, Charlie Mitchell,
Douglas E. Schnurr, Ed Keogh,
Colleen Szabo, and Tom Busch,

        Defendants.

_____

Harry Maddox, III, pro se.

_____

      This matter is before the undersigned United States District Judge for consideration of Plaintiff Harry Maddox, III's ("Maddox") Objection [Docket No. 11] to Magistrate Judge Arthur J. Boylan's Report and Recommendation [Docket No. 9] filed January 9, 2012.  Maddox also filed a Letter [Docket No. 10] ("Motion for Reconsideration"), which this Court will consider as a motion for reconsideration.  Based on a review of the record, Maddox's Objections are overruled, his motion for reconsideration denied, and Judge Boylan's Report and Recommendation adopted.

      On November 30, 2011, Maddox filed a pro se complaint alleging civil rights violations and an Application to Proceed In Forma Pauperis [Docket No. 2] ("IFP Application").  Judge Boylan denied the IFP application because Maddox is barred from proceeding in forma pauperis under 28 U.S.C. §

1915(g), the "three-strikes rule."[1]  Dec. 2, 2011 Order [Docket No. 6] at 1.  Maddox appealed that decision, and in a December 28, 2011 Order [Docket No. 8] this Court denied that appeal and affirmed Judge Boylan's Order.[2]

Because Maddox's IFP Application was denied, he was required to pay the $350 filing fee in order to proceed.  See Dec. 2, 2011 Order 3.  Judge Boylan specifically stated that "If [Maddox] has not paid the full filing fee by that date, he will be deemed to have abandoned this action, and the Court will then recommend that this action be summarily dismissed for failure to prosecute."  Id.  Maddox failed to pay the filing fee, and Judge Boylan now recommends that Maddox's action be summarily dismissed without prejudice.  This Court agrees.

Courts may dismiss actions for failure to comply with court orders.  Fed. R. Civ. P. 41(b).  Courts may also dismiss actions for failure to prosecute.  See Henderson v. Renaissance Grand Hotel, No. 07-1426, 2008 WL 540172, at *1 (8th Cir. Feb. 29, 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute or to comply with the Federal

---

[1]"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[2]Maddox's Motion for Reconsideration alleges that this Court erred when it ruled that he was subject to the three strikes rule because he never received the judgments which counted as "strikes" under the three strikes rule and his diminishing eyesight constitutes "imminent danger."  This does not change the fact that Maddox has accumulated three strikes and is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g).  See Maddox v. King, No. 09-2859 (ADM/AJB) (Order of the Eighth Circuit Court of Appeals dated Nov. 17, 2010; [Docket No. 33]) (denying Maddox's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g)).  Therefore, Maddox's Motion for Reconsideration of this Court's December 28, 2011 Order is denied.

Rules of Civil Procedure or any court order."). Courts may also dismiss a case for failure to pay a required filing fee. See Amick v. Ashlock, No. 04-1171, 2004 WL 2603590, at *1 (8th Cir. Nov. 17, 2004); see also, Maddox v. Swenson, No. 10-2847, 2010 WL 4683871, at *2  3 (D. Minn. Nov. 10, 2010) (dismissing a civil rights case filed by Maddox for failure to pay the required filing fee).

Because Maddox has failed to pay the required filing fee, his Complaint is now dismissed without prejudice for failure to prosecute.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Maddox's Motion for Reconsideration [Docket No. 10] is **DENIED**;

2. Maddox's Objection [Docket No. 11] is **OVERRULED**;

3. Judge Boylan's Report & Recommendation [Docket No. 9] is **ADOPTED**; and

4. Maddox's Complaint [Docket No. 1] is **DISMISSED** without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 20, 2012.